UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No.

| | |
|---|---|
| LEANDRO PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TAMPA SHIP, L.L.C. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, LEANDRO PEREZ ("Plaintiff"), sues the Defendant, TAMPA SHIP, L.L.C.

("Defendant"), and alleges as follows:

## NATURE OF ACTION

1.     This action involves the application of the Family and Medical Leave Act of 1993,

29 U.S.C. § 2601 *et seq*. ("FMLA").

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C.

§ 1343(3) and (4) and 28 U.S.C. § 2617.

3.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred

within this judicial district and because Defendant has its principal place of business within the

district in Tampa, Florida.

## PARTIES



www.saenzanderson.com

1

4.      At all times material, Plaintiff was and is a resident of Pinellas County, Florida.

5.      At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

6.      At all times material, Defendant is a Florida Limited Liability Company having its main place of business in Hillsborough County, Florida.

7.      At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

## GENERAL ALLEGATIONS

8.      The Defendant was engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

9.      At all times material, Plaintiff was employed by Defendant as Carpenter from 2017 until his wrongful termination on or about September – October 2022.

10.      The Plaintiff worked for the Corporate Defendants for at least 12 months before the date any FMLA leave was to begin.

11.      The Plaintiff worked for the Corporate Defendants for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

12.      At all times material, the Corporate Defendants were an "employer," as defined by 29 U.S.C. § 2611(4).

13.      Plaintiff performed his work admirably and was revered by his colleagues with whom he worked.



14. Plaintiff injured his knee. He went on FMLA leave for 12 weeks on or about July 2022.

15. The Plaintiff was entitled to the FMLA leave because he had an FMLA-qualifying reason. Specifically, the Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of his job.

16. Plaintiff was scheduled to have surgery, however, the surgery had to be cancelled because it was not covered by the insurance.

17. While still on FMLA leave, Plaintiff, who kept Defendant abreast of his progress while on leave, told his employer that the surgery could not be done, and he was returning to work.

18. He received a doctor's notice that he had certain limitations for his work that required an accommodation such working on a flat surface.

19. Instead of providing Plaintiff with the requested accommodation, Defendant terminated him instead. Defendant refuses to put him back on the schedule to work.

20. All conditions precedent to bringing this action have occurred, been performed, or been excused.

21. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS (TERMINATION)

22. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

23. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.



24.     At all times material, Plaintiff gave proper notice to Defendant by informing Defendant of his medical condition.

25.     Plaintiff provided enough information for Defendant to know that his potential leave was covered by FMLA and approved the FMLA leave.

26.     Defendant was aware that Plaintiff was unable to work due to his medical condition.

27.     At all times material hereto, Plaintiff communicated with Defendant regarding his medical condition.

28.     Defendant had knowledge of Plaintiff' medical condition and the reason for Plaintiff's absences and upcoming absence from work.

29.     Despite its knowledge of Plaintiff's medical condition, the progress of Plaintiff's recovery and his return to work with a requested accommodation, Defendant terminated Plaintiff while on FMLA leave.

30.     Defendant interfered with Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled by terminating him, specifically they refuse to not put him back on the schedule to work.

31.     As a direct and proximate result of the intentional violations by the Corporate Defendants of the Plaintiff's rights under the FMLA, by interfering with his FMLA rights by terminating his employment for having requested medical leave, the Plaintiff has been damaged in that the Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:



www.saenzanderson.com

4

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Defendant's conduct;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT II: RETALIATION (FMLA)

32.     The Plaintiff repeats and re-alleges paragraphs 1 - 21 as if fully stated herein.

33.     At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

34.     At all times material, the Plaintiff gave proper notice to the Corporate Defendants by informing the Corporate Defendants of his qualifying reason.

35.     The Plaintiff provided enough information for the Defendant to know that his leave was covered by the FMLA and received the FMLA leave.

36.     Defendant was aware of the Plaintiff's qualifying reason.

37.     At all times material hereto, the Plaintiff communicated with Defendant regarding his medical condition.

38.     Despite their knowledge of the Plaintiff's medical condition, and approved FMLA leave Defendant terminated the Plaintiff for no cause during his FMLA leave.



39.    The Defendant terminated the Plaintiff following his request for medical leave.

40.    The Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for requesting and taking approved medical leave.

41.    The Plaintiff's medical leave request was a direct and proximate cause of his termination from employment with the Defendant.

42.    As a direct and proximate result of the intentional violations by the Corporate Defendants of the Plaintiff's rights under the FMLA, by retaliating against him by terminating his employment for having requested medical leave, the Plaintiff has been damaged in that the Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.    Enter judgment in the Plaintiff's favor and against the Corporate Defendants for their violations of the FMLA;

b.    Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.    Award the Plaintiff liquidated damages based on the Corporate Defendants' conduct;

d.    Award the Plaintiff prejudgment interest on his damages award;

e.    Award the Plaintiff reasonable costs and attorneys' fees;

f.    Award the Plaintiff any further relief pursuant to the FMLA; and,

g.    Grant the Plaintiff such other and further relief as this Court deems equitable and just.



www.saenzanderson.com

6

## JURY TRIAL DEMAND

Plaintiff, Plaintiff requests a trial by jury on all issues so triable.

Dated: March 31, 2023

By:___/s/Julisse Jimenez
Julisse Jimenez, Esquire
Fla. Bar No.:  65387
Email:julisse@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com

7